# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** IMCD US, LLC; E.T. HORN COMPANY
*(AVISO AL DEMANDADO):* and DOES 1 through 50, inclusive,

BLAINE PATRIQUIN and
**YOU ARE BEING SUED BY PLAINTIFF:** NICOLLE PERALES;
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually, and
on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Orange<br>751 West Santa Ana Blvd.<br>Santa Ana, California 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>**30-2021-01197131-CU-OE-CXC**<br><br>Judge Peter Wilson |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BISNAR|CHASE
Jerusalem F. Beligan, 1301 Dove Street, Suite 120, Newport Beach, CA 92660          949-752-2999

| DATE:<br>*(Fecha)* 04/23/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | Georgina Ramirez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

1    Brian D. Chase, Esq. (SBN 164109)
     *bchase@bisnarchase.com*
2    Jerusalem F. Beligan, Esq. (SBN 211258)
     *jbeligan@bisnarchase.com*
3    Ian M. Silvers, Esq. (SBN 247416)
     *isilvers@bisnarchase.com*
4    **BISNAR | CHASE LLP**
     1301 Dove Street, Suite 120
5    Newport Beach, California 92660
     Telephone: (949) 752-2999
6    Facsimile: (949) 752-2777

                 Assigned for all Purposes
                      Judge Peter Wilson
                         CX-102

7    Attorneys for Plaintiffs and Putative Classes

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **IN AND FOR THE COUNTY OF ORANGE**

| | |
|---|---|
| 11   BLAINE PATRIQUIN and NICOLLE PERALES; individually, and on behalf of all others similarly situated, | Case No.   **30-2021-01197131-CU-OE-CXC** |
| 13            Plaintiffs, | **CLASS-ACTION COMPLAINT** |
| 14      vs. | 1. **Failure to Pay All Wages Earned (Cal. Lab. Code §§ 204, 218, 225, 1194);** |
| 15   IMCD US, LLC; E.T. HORN COMPANY and DOES 1 through 50, inclusive, | 2. **Failure to Pay Overtime Wages (Cal. Lab. Code §§ 218, 510, 1194);** |
| | 3. **Failure to Provide Compliant Meal Periods and Rest Breaks (Cal. Lab. Code §§ 226.7, 512)** |
| 16          Defendants. | 4. **Failure to Provide Accurate Wage Statements (Cal. Lab. Code §§ 226, 1174);** |
| | 5. **Failure to Timely Pay Wages to Terminated Employees (Cal. Labor Code §§ 201-203); and** |
| | 6. **Violation of The Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)** |
| | **DEMAND FOR JURY TRIAL** |

**CLASS-ACTION COMPLAINT**

1      1.      Plaintiffs Blaine Patriquin  and Nicolle Perales ("Plaintiffs"), individually, and on

2   behalf of themselves and classes of those similarly situated, file this Class-Action Complaint

3   ("Complaint") against Defendants IMCD US, LLC, E.T. HORN COMPANY and DOES 1 through

4   50 (collectively, "Defendants"), and alleges as follows:

5               I.      **INTRODUCTION AND FACTUAL BACKGROUND**

6      2.      Plaintiffs bring this class action pursuant to Code of Civil Procedure § 382 against

7   Defendants for, among other things: (a) nonpayment of wages for all hours worked; (b) nonpayment

8   of overtime wages; (c) nonprovision of meal breaks; (d) nonprovision of rest breaks; (e) failure to

9   provide accurate wage statements; and (f) for failure to pay all wages due upon termination of

10  employment.

11     3.      For the four years prior to the filing of the Complaint  to the present (the "Class

12  Period"), Defendants have and continue to employ employees entitled to minimum wage, overtime,

13  and compliant meal-and-rest periods under California law.

14     4.      Plaintiffs are informed and believe, and thereon allege, that at all times herein

15  mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors

16  knowledgeable about California labor and wage law, employment and personnel practices, and about

17  the requirements of California law.

18     5.      Labor Code § 1198 provides: "The maximum hours of work and the standard

19  conditions of labor fixed by the commission shall be the maximum hours of work and the standard

20  conditions of labor for employees.  The employment of any employee for longer hours than those fixed

21  by the order or under conditions of labor prohibited by the order is unlawful."

22     6.      In accordance with its power under section 1198, the Industrial Welfare Commission

23  adopted Wage Orders prescribing the minimum wages, maximum hours, and standard conditions of

24  employment for employees in this state.

25     7.      Plaintiffs and other Class members were either not paid for all hours worked because

26  Defendants failed to account for all hours worked by Plaintiffs and other Class members, and/or paid

27  Plaintiffs and Class members a salary, instead of an hourly rate for all hours worked. As a result,

Page 2

**CLASS-ACTION COMPLAINT**

Plaintiffs and other Class members were not paid an hourly rate for all non-overtime hours worked and, as such, not paid all regular wages due.

8.      Additionally, Defendants failed to pay Plaintiffs and Class members for all hours worked as they worked in excess of 8 hours per day (and regularly more than 10 hours per day), but no overtime compensation was paid to them. As such, they regularly worked in excess of 8 hours per day and/or 40 hours per week and were not paid all wages, or wages at the proper rate, for this time as required by Labor Code §§ 510 and 1194 in one or more of the following manners:

(a)  By failing to account for all hours worked by Plaintiffs and other Class members;

(b)  By failing to pay for all overtime hours worked;

(c)   By failing to pay for all hours worked at the appropriate rate;

(d)  By arbitrarily reducing hours worked;

(e)  Through failure to maintain proper records; and

(f)  Through other methods to be discovered.

9.      As Plaintiffs and Class members regularly worked over 10 hours per day, they were entitled to at least 2 meal periods and 3 rest breaks each day (if not more). Yet they were not properly provided with all such meal periods and not authorized and permitted all such rest breaks as a result of, among other things, the press of business, Defendants' demanding schedules and requirements of meeting quotas to ensure work and projects are completed on time, and Defendants' unlawful policies and practices. Defendants regularly did not provide the meal periods or authorize and permit the rest breaks within the required time, for the lawfully required length and/or did not provide/authorize and permit them at all. These actions applied to Plaintiffs as well as Class members. Defendants also regularly required Plaintiffs and Class members to work through at least part of their meal periods and rest breaks, if they received them at all. This resulted in interrupted meal periods and rest breaks that were not sufficiently long to comply with the law. Defendants were well aware of this.

10.     As such, Plaintiffs and Class members were not authorized and permitted lawful meal periods and rest breaks and were not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 512 and 226.7 and applicable IWC Wage Orders.

CLASS-ACTION COMPLAINT

11.     Defendants' non-exempt employees were not authorized and permitted lawful meal periods and rest breaks and were not provided with one hour's wages in lieu thereof, in one or more of the following manners.

(a)  employees were regularly not authorized and permitted full and timely thirty-minute meal periods for workdays in excess of five and/or ten hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders;

(b)  employees were regularly not authorized and permitted full and timely ten-minute rest breaks for workdays in excess of four and/or eight hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7 and applicable IWC Wage Orders;

(c)  employees were required to work through their daily meal period(s) and rest break(s);

(d)  employees were required to work longer than five hours before being allowed to take a meal period;

(e)  employees were required to work longer than four hours before being allowed to take a rest period; and

(f)  employees were severely restricted in their ability to take a meal period or rest break.

12.     On information and belief, Plaintiffs allege that they and the Class members did not waive meal periods during the Class Period.

13.     As a result of the above violations, Defendants failed to provide accurate and compliant wage statements to Plaintiffs and Class members. Accordingly, Defendants did not provide statements that, among other things, included accurate total hours worked, hourly rates for each hour worked, premium wages for meal-and-rest break violations, and accurate gross and net wages.

14.     Furthermore, Defendants failed to timely pay for all wages owed to Plaintiffs and Class members upon termination of employment. As detailed above, Class members were not provided proper meal and/or rest breaks and were not provided with a one-hour penalty in lieu thereof, and were not paid all wages owed (including overtime and minimum wage).

Page 4

**CLASS-ACTION COMPLAINT**

15. As a result of the above, Defendants have engaged in unfair, fraudulent and deceptive business practices within the meaning of the Business & Professions Code §§ 17200, *et seq.*, as further detailed below.

16. Plaintiffs, on behalf of themselves and the non-exempt employees, bring this action pursuant to Labor Code §§ 201-203, 204, 218, 226, 226.7, 510, 512, 558, 1194, 1194.2, 1198, and the applicable Industrial Welfare Commission Wage Orders ("Wage Orders"), seeking unpaid wages for hours worked (including minimum wage), overtime wages for overtime hours worked, unpaid meal period and rest break premiums, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

17. Plaintiffs, on behalf of themselves and the non-exempt employees, pursuant to Business & Professions Code §§ 17200, *et seq.*, also seek injunctive relief, and restitution, from Defendants for their failure to pay the wages and penalties as set forth above.

## II.    THE PARTIES

### A.    The Plaintiffs

18. Plaintiff Patriquin was employed by Defendants initially as a Systems Administrator from March 4, 2004 through November 2018 and then a Computer Technician through his last day at Defendants' Orange County location. He will serve as an adequate, typical and active participant and class representative for the proposed Class and/or Subclasses as defined herein.

19. Plaintiff Perales was employed by Defendants as a Customer Service Manager from September 2016 through October 2020 at Defendants' Orange County. She will serve as an adequate, typical and active participant and class representative for the proposed Class and/or Subclasses as defined herein.

20. As detailed above, Plaintiffs worked shifts during which they were not paid for all hours worked (including overtime hours at the applicable rate) during the Class Period because Defendants failed to properly account for all hours worked by Plaintiffs and/or because Defendants paid Plaintiffs a salary instead of an hourly rate for all hours worked. They were also not authorized and permitted all meal periods and rest breaks during the Class Period and were not paid all wages due upon separation

Page 5

**CLASS-ACTION COMPLAINT**

of employment.

21.     Plaintiffs reserve the right to seek leave to amend this Complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

**B.     The Defendants**

22.     Defendants tout themselves as the world leader in the sales, marketing and distribution of specialty chemicals and ingredients.

23.     Defendants employed Plaintiffs and other non-exempt employees in California. The illegal and unlawful policies and practices described herein were performed by Defendants in California.

24.     Defendant IMCD US, LLC. was and is, upon information and belief, a California Corporation with the capacity to sue and to be sued, and doing business, in the State of California. At all times hereinafter mentioned, Defendant IMCD US, LLC was an employer whose employees were engaged throughout this county and the State of California.

25.     Defendant E.T. Horn Company was and is, upon information and belief, a California Corporation with the capacity to sue and to be sued, and doing business, in the State of California. At all times hereinafter mentioned, Defendant E.T. Horn Company was an employer whose employees were engaged throughout this county and the State of California.

26.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 50 are unknown to Plaintiffs, who therefore sue these defendants by fictitious names pursuant to Code of Civil Procedure § 474. Plaintiffs further allege that each of these fictitious defendants is in some manner responsible for the acts and occurrences herein set forth. Plaintiffs will amend this Complaint to show these defendants' true names and capacities when ascertained, as well as the manner in which each fictitious defendant is responsible.

27.     At all times mentioned herein, the Defendants named as DOES 1-50, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiffs and aggrieved employees in the State of California.

28.     At all times mentioned herein, each Defendants were the agent, servant, or

**CLASS-ACTION COMPLAINT**

employee of the other Defendants and in acting and omitting to act as alleged herein did so within the course and scope of that agency or employment.

### III.     JURISDICTION AND VENUE

29.     The unlawful acts alleged herein arise under the laws of the State of California and have a direct effect on Plaintiffs and other employees who work and/or performed work within the State of California.

30.     Business & Professions Code § 17204 provides that any person acting on his or his own behalf may bring an action in a court of competent jurisdiction.

31.     The Orange County Superior Court has personal jurisdiction over Defendants because: (1) they operate within this County; (2) are qualified with the California Secretary of State to do business and are doing business in California, and in this County; and (3) because many of the acts complained of occurred and arose in California, and specifically, this County. Additionally, each is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

32.     Venue as to Defendants is proper in this judicial district, pursuant to Code of Civil Procedure § 395, as one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

### IV.     CLASS ALLEGATIONS

33.     Plaintiffs were non-exempt employees who were employed by Defendants as described above.

34.     Plaintiffs bring this action on behalf of all persons who either were employed by Defendants in California and/or performed work in California as non-exempt employees (the "Class") and who were subject to the same or similar illegal policies and practices during the Class Period.

35.     Plaintiffs bring this action individually, as well as on behalf of each and all other persons similarly situated in a concerted effort to improve wages and working conditions for other non-exempt and/or hourly employees, and thus seek class certification under Code of Civil

CLASS-ACTION COMPLAINT

Procedure § 382.

36. The proposed Class consists of and is defined as:

All individuals (a) who are currently or formerly employed by Defendants and performed work in California as non-exempt employees, and (b) who were subject to Defendants' illegal policies and practices as alleged herein during the Class Period.

37. The proposed sub-classes consist of and are defined as:

MEAL PERIOD SUB-CLASS: All members of the Class who were not authorized and permitted to take a 30-minute, uninterrupted meal period for every five hours worked per day, and were not compensated one hour's pay for each day on which such meal period was not authorized and permitted.

REST BREAK SUB-CLASS: All members of the Class who were not authorized and permitted to take a 10-minute, uninterrupted rest break for every four hours worked per day, or major fraction thereof, and were not compensated one hour's pay for each day on which such rest break was not authorized and permitted.

OVERTIME SUB-CLASS: All members of the Class who were not paid overtime compensation for all hours worked in excess of eight hours per day and/or 40 hours per week.

UNPAID WAGE SUBCLASS: All members of the Class who Defendants failed to pay an hourly wage for each hour worked during the Class Period.

WAGE STATEMENT SUBCLASS: All members of the Class who Defendants did not provide accurate itemized wage statements showing all hours actually worked, all wages earned, and the applicable rates of pay for each hour worked during the Class Period.

UCL SUBCLASS: All members of the Class who, during the Class Period, are owed restitution of unpaid 'wages resulting from Defendants' systematic violations of California's Labor Codes and Wage Orders.

WAITING TIME SUB-CLASS: All members of the Class who, at any time before the three years prior to the filing of this Complaint, separated their employment from Defendants and were not paid all wages due within the times specified by Labor Code §§ 201-203.

38. Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Class and/or Subclasses and reserve the right to do so. In any event, Plaintiffs will formally define and designate class definitions at such time when

**CLASS-ACTION COMPLAINT**

Plaintiffs seeks to certify the Class or Subclasses defined herein.

39.     At all material times, Plaintiffs are members of the Class and/or Subclasses.

40.     There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a) Numerosity: The members of the Class (and each Subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than 50 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b) Typicality: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest. Plaintiffs' claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

(c) Adequacy: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any Class member. Plaintiffs' attorneys, the proposed Class counsel, are versed in the rules governing class-action discovery, certification, and settlement.

(d) Superiority: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e) Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors

**CLASS-ACTION COMPLAINT**

through negative references and/or other means. Class actions provide the Class members, who are not named in the Complaint, with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

(f) <u>Manageability of Class and Common Proof</u>: The nature of this action and the nature of laws available to' Plaintiffs make use of the class-action format and procedure a particularly efficient and appropriate procedure to afford relief to Plaintiffs and members of the Class for the wrongs alleged herein. Specifically, liability will turn on Defendants' own uniform, systematic practices of failing to properly pay their employees for all hours worked, authorize and permit lawful meal periods and rest breaks, and provide compliant wage statements in violation of California law during the Class Period. Therefore, the wage violations are predominant questions of fact that are easily capable of being determined through manageable devices of common proof, such as statistical random sampling, survey evidence based on scientific principles, representative testimony, documentary evidence and common practices/procedures of Defendants in treating each of the members of the Class as a homogeneous group. Once the predominant issues of wage compliance are determined, then each of the derivative subclass claims and damages suffered by each member of the Class will be capable of being shown by several means of common proof and limited by individual showings of entitlement to recovery that can be professionally administered and tailored to the facts and circumstances of the case.

41.     There are common questions of law and fact as to the Class (and each Subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

(a) Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, willful;

(b) Whether Defendants' timekeeping system and policies failed to record all hours worked by Plaintiffs and Class members;

CLASS-ACTION COMPLAINT

(c) Whether Defendants deprived Plaintiffs and Class members of compliant meal periods or one hour of pay in lieu thereof or required Plaintiffs and Class members to work during meal periods without compensation;

(d) Whether Defendants deprived Plaintiffs and Class members of lawful rest breaks or one hour of pay in lieu thereof;

(e) Whether Defendants' conduct was willful or reckless;

(f) Whether Defendants violated Labor Code § 226 by failing to timely furnish Plaintiffs and Class members with accurate wage statements and failing to include all items required by the statute;

(g) Whether Defendants failed to timely pay all wages due to Plaintiffs and Class members upon their discharge or resignation;

(h) Whether Defendants violated Labor Code § 204 by failing to pay employees all wages due;

(i) Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.*;

(j) Whether the members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages;

(k) Whether the members of the Class are entitled to injunctive relief;

(l) Whether the members of the Class are entitled to restitution; and

(m) Whether Defendants are liable for attorneys' fees and costs to the extent permitted by California law.

42. Class certification is appropriate under Cal. Civ. Proc. Code § 382 because questions of law and fact common to the Class and Subclasses predominate over any questions affecting only individual members of the Class and Subclasses. Defendants' policies and practices unlawfully treated members of the Class and Subclasses in a uniform fashion. The damages suffered by individual members of the Class and Subclasses are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior

**CLASS-ACTION COMPLAINT**

1  because it will obviate the need for unduly duplicative litigation that might result in inconsistent

2  judgments about Defendants' practices.

3        43.     Class certification is also appropriate pursuant to Cal. Civ. Proc. Code § 382 because

4  Defendants have acted or refused to act on grounds generally applicable to the Class, making

5  appropriate declaratory relief with respect to and the Class and Subclasses as a whole.

6        44.     Plaintiffs intend to send notice to all members of the Class and Subclasses to the extent

7  required by law and each will be given an opportunity to opt out of the proceedings.

8        45.     Defendants have willfully refused to pay Plaintiffs and the members of the Class the

9  required compensation for all hours worked and failed to keep time records as required by law.

10        46.     Defendants' company-wide policies and practices violate California law as pled herein.

11  Plaintiffs seek declaratory relief, regular and overtime compensation, premium wages for meal-and-rest

12  break violations, liquidated damages, and other damages and penalties as permitted by California law,

13  interest, and attorneys' fees and costs.

14  

**V.**    **CAUSES OF ACTION**

15  **FIRST CAUSE OF ACTION**

16  **(Failure to Pay Wages For All Hours Worked)**

17  **(Labor Code §§ 204, 218, 1194, 1194.2)**

18  **(Brought by Plaintiffs on Behalf of Themselves And Members of The Class or, in The**

19  **Alternative, Unpaid Wage Subclass Against All Defendants)**

20        47.     Plaintiffs reallege and incorporate by this reference each of the preceding and

21  foregoing paragraphs as if fully set forth herein.

22        48.     At all times herein relevant, Labor Code §§ 204, 218, 1194 and 1194.2, and the

23  applicable Wage Orders were in full force and effect. Labor Code § 204 requires employers to pay

24  all wages earned by any employee due and payable twice during each calendar month.

25        49.     Pursuant to Labor Code § 218, Plaintiffs may bring a civil action for unpaid wages

26  due directly against the employer.

27        50.     At all times herein relevant, the Wage Orders and applicable California Code of

28

Page 12

---

**CLASS-ACTION COMPLAINT**

Regulations have applied and continue to apply to Plaintiffs' and the Class members' employment with Defendants, which state that "every employer shall pay to each employee wages. . . for all hours worked."

51.     "Hours worked" is defined as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

52.     At all times pertinent hereto, Labor Code § 1194 provided: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

53.     At all times pertinent hereto, Labor Code § 1194.2 provides for the recovery of prejudgment interest in any action brought to recover the nonpayment of wages, at the rate specified in Civil Code § 3289.

54.     Labor Codes §§ 218.5, 218.6, 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

55.     At all relevant times herein, Defendants were required to compensate Plaintiffs and the members of the Class for all hours worked pursuant to Labor Code § 1194.

56.     By uniformly failing to track and record all hours worked by Plaintiffs and members of the Class, requiring them to work off the clock (through not paying for all hours worked), and paying non-exempt employees a salary instead of an hourly wage for all hours worked, Defendants were able to skim wages from employees by not paying them a separate hourly wage for each and every hour worked as required by California law. Through this unlawful and illegal policy and practice, Defendants have failed to pay Plaintiffs and the Class all wages owed to them.

**CLASS-ACTION COMPLAINT**

57.     By the course of conduct set forth above, Defendants failed to pay all wages and violated the minimum wage requirements as set forth in Labor Code §§ 218 and 1194.

58.     Plaintiffs are informed and believe and based thereupon allege that the result of the unlawful and illegal policy and practice caused damage in the nonpayment of minimum and regular wages to themselves and the proposed Class and/or Unpaid Wage Subclass, in an amount according to proof at trial.

59.     Plaintiffs are informed and believe that the nonpayment of wages is fixed and ascertainable on a class wide basis such that prejudgment interest on those wages is recoverable.

60.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, plus prejudgment interest pursuant to statute.

61.     Pursuant to Labor Code § 1194, Plaintiffs and the proposed Class and/or Unpaid Wage Subclass are entitled to, and seek to, recover unpaid minimum wage and overtime compensation, and other unpaid wages, plus interest, penalties, attorneys' fees and costs, and liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2.  The specific amounts are to be determined at trial.

## SECOND CAUSE OF ACTION

### (Failure to Pay Overtime Wages)

### (Labor Code §§ 510 and 1194)

**(Brought by Plaintiffs on Behalf of Themselves And Members of the Class or, in The Alternative, The Overtime Subclass Against All Defendants)**

62.     Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

63.     Plaintiffs seek to represent the proposed Class or, in the alternative, the Overtime Subclass as a basis to enforce equal or greater protections for wages owed that are offered by California law. Because the practices alleged herein are uniform, systematic and continuous and affect each proposed member of the Class in a legally identical way, Plaintiffs, at the appropriate time will move to

**CLASS-ACTION COMPLAINT**

certify the Class or Overtime Subclass to the extent permitted by Cal. Civ. Proc. Code § 382.

64.     Plaintiffs and the Class were at all times subject to California's laws and regulations protecting the employees' entitlement to be paid and presumption to be paid overtime wages for requisite hours worked beyond a normal workday or a normal work week, as specified, without limitation, by Cal. Labor Code §§ 510, 1194 and the Wage Orders.

65.     California law requires employers, such as Defendants, to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week or over 8 hours per day. Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work. This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

66.     Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee." In addition, Labor Code § 510(a) provides that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

67.     Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the IWC.

68.     As set forth above, Plaintiffs and the members of the Class were entitled to be paid overtime compensation for all overtime hours worked. Plaintiffs, and members of the Class, were regularly and consistently required to work overtime during the Class Period, but were not paid for all overtime hours worked and were not paid at the correct overtime rate of pay.

69.     Throughout the Class Period, Plaintiffs and the members of the Class worked in excess of 8 hours in a workday and/or 40 hours in a workweek. Plaintiffs and members of the Class also worked in excess of 12 hours in a workday.

70.     During the Class Period, Defendants did not pay Plaintiffs and members of the Class overtime pay for all overtime hours worked and Defendants did not pay Plaintiffs and members of the Class at the correct overtime rate of pay.

**CLASS-ACTION COMPLAINT**

71.     As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiffs and members of the Class have sustained damages, including loss of earnings for unpaid overtime hours worked, in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to California law.

## THIRD CAUSE OF ACTION

### (Failure to Provide Compliant Meal Periods and Rest Breaks)

### (Labor Code §§ 226.7, 512, and Industrial Wage Order)

### (Brought by Plaintiffs on Behalf of Themselves And Members of The Class or, in The Alternative, Meal-and-Rest Period Subclasses Against All Defendants)

72.     Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

73.     Labor Code § 226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the [IWC] ..."

74.     Labor Code 512(a) provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

75.     Labor Code § 512(a) further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

76.     Labor Code § 516 provides that the IWC may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

77.     The Wage Order provides that "[u]nless the employee is relieved of all duty during a

**CLASS-ACTION COMPLAINT**

30-minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked." "An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

78.     The Wage Order further provides that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

79.     The members of the Class consistently worked over 5 hours per shift and therefore were entitled to a meal period of not less than 30 minutes prior to exceeding 5 hours of work.

80.     In addition, the members of the Class consistently worked over 10 hours per shift and therefore were entitled to a second meal period of not less than 30 minutes prior to exceeding 10 hours of work.

81.     Throughout the Class Period, Defendants failed to consistently allow and provide the meal periods required by applicable California law, including the Wage Orders. Plaintiffs and the members of the Class regularly worked a full day and did not receive proper meal periods (as detailed above). Instead, Plaintiffs and Class members were frequently required and/or encouraged to shorten or miss their meal periods, were prevented from taking them until well past the 5th hour, or had their meal periods interrupted or limited.

82.     Defendants failed to provide Plaintiffs and the members of the Class the opportunity to take adequate meal periods as required by law or compensate them at one hour of "premium wage" at the employee's regular rate of pay for each day that a meal period was not authorized, permitted or otherwise compliant with California law.

83.     The members of the Class did not waive their meal periods by mutual consent with Defendants or otherwise.

84.     The members of the Class did not enter into any written agreement with Defendants

CLASS-ACTION COMPLAINT

agreeing to an on-the-job paid meal period.

85.     Similarly, Plaintiffs and members of the Class were entitled to be authorized and permitted paid, duty-free, uninterrupted 10-minute rest periods for every four hours worked (or every major fraction thereof).

86.     Plaintiffs and the members of the Class regularly worked shifts in excess of 4 hours without being permitted the opportunity to take a paid rest period of at least 10-minutes, uninterrupted, relieved of all job duties; worked more than 6 hours at a time without being allowed a second paid 10-minute, uninterrupted, rest period, relieved of all job duties; worked shifts in excess of 10 hours without being allowed a third paid 10-minute, uninterrupted, rest period, relieved of all job duties; and/or worked shifts in excess of 14 hours without being allowed a third paid 10-minute, uninterrupted, rest period, relieved of all job duties.

87.     Defendants failed to authorize and permit Plaintiffs and the members of the Class to take adequate rest periods as required by law or compensate them at one hour of "premium wage" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with California law.

88.     Plaintiffs and the members of the Class are therefore entitled to payment of additional wages as provided by law.

89.     Defendants failed to comply with the required meal-and-rest period laws established by Labor Code §§ 226.7, 512, 516 and the Wage Orders.

90.     Therefore, the members of the Class or, in the alternative, the Meal Period Subclass and the Rest Period Subclass, were effectively deprived of their legally requisite meal-and-rest periods.

91.     Under the Wage Order—which states "[i]f an employer fails to provide an employee a meal or rest … period in accordance with a state law …, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest … period is not provided"—the members of the Meal Period and Rest Period Subclasses are entitled to damages in an amount equal to one additional hour of pay at each employee's regular rate of compensation for each work day that the meal or rest period was not provided, in a sum to be proven

**CLASS-ACTION COMPLAINT**

1    at trial.

2         92.     Pursuant to Labor Code § 218.6 and Civil Code § 3287, the members of the Meal Period

3    Subclass and the Rest Period Subclass seek recovery of prejudgment interest on all amounts recovered

4    herein.

5         93.     Plaintiffs limit the recovery of "premium wages" to one hour of pay per day for each

6    day that a meal period was not authorized, permitted or otherwise compliant with California law, and

7    one hour of pay for each day that a rest period was not authorized, permitted or otherwise compliant

8    with California law for each employee at their respective regular rate of pay, as set forth in the Division

9    of Labor Standards Enforcement Policy Manual guidelines, for a maximum recovery of two premium

10   wage payments per employee per day.

11                      **FOURTH CAUSE OF ACTION**

12                  **(Failure to Provide Accurate Wage Statements)**

13            **(Labor Code §§ 226, 1174, 1174.5, and Industrial Wage Order)**

14   **(Brought by Plaintiffs on Behalf of Themselves and Members of The Class or, in The**

15              **Alternative, The Wage Statement Subclass Against All Defendants)**

16

17        94.     Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing

18   paragraphs as if fully set forth herein.

19        95.  ·  Defendants knowingly and intentionally failed to provide accurate, itemized wage

20   statements to Plaintiffs and the members of the Class in accordance with Labor Code § 226(a).

21   Specifically, Defendants failed to include wage statements with, *inter alia*, total hours worked and

22   applicable hourly rates for each hour worked, and gross and net wages (including pay for meal period

23   and rest break premiums).

24        96.     Labor Code § 226(a) states, in pertinent part, that "[e]very employer shall, semimonthly

25   or at the time of each payment of wages, furnish each of his or his employees, either as a detachable

26   part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by

27   personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2)

28   total hours worked by the employee ... (4) all deductions, provided that all deductions made on written

**CLASS-ACTION COMPLAINT**

orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …"

97.     Labor Code § 226 (e)(1) states that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

98.     Labor Code § 226(e)(2)(B) states "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a). (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period. (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

99.     Labor Code § 226(e)(2)(C) defines "promptly and easily determine" to mean "a

**CLASS-ACTION COMPLAINT**

reasonable person would be able to readily ascertain the information without reference to other documents or information."

100.    Labor Code § 226(e)(3) states that the phrase "knowing and intentional failure" "does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake."

101.    From the outset, Defendants have failed to comply with Labor Code § 226. As a matter of common policy and practice, and as detailed above, Defendants did not provide accurate wage statements with all the required items. Defendants' knowing, and intentional omissions caused Plaintiffs and members of the Class to suffer "injury" by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

102.    At all times relevant herein, Defendants failed to maintain records of hours worked by Plaintiffs and the members of the Class as required under Labor Code § 1174(d).

103.    Plaintiffs and members of the Class seek (i) injunctive relief requiring Defendants to comply with Labor Code §§ 226(a) and 1174(d), (ii) the amounts provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, and (iii) attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**(Failure to Timely Pay All Wages Due Upon Separation)**

**(Labor Code §§ 201, 202, and 203)**

**(Brought by Plaintiffs on Behalf of Themselves And Members of The Class or, in The Alternative, the Waiting Time Subclass Against All Defendants)**

104.    Plaintiffs reallege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

105.    Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

Page 21

---

**CLASS-ACTION COMPLAINT**

106. All members of the Class who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

107. More than 30 days have passed since certain members of the Class left Defendants' employ.

108. As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, the members of the Class whose employment ended during the Class Period are entitled to 30 days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### (Violation of California's Unfair Competition Law)

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (Brought by Plaintiffs on Behalf of Themselves And the Members of The Class or, in The Alternative, The UCL Subclass Against All Defendants)

109. Plaintiffs reallege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

110. Defendants' failure to pay all wages, including minimum and overtime wages for all work performed, failure to pay premium pay for noncompliant meal-and-rest periods, failure to provide compliant accurate itemized wage statements and failure to pay all wages at the end of employment, constitute unlawful activity, acts and practices that are prohibited by Business & Professions Code §§ 17200, *et seq.* The actions of Defendants described above constitute unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code §§ 17200, *et seq.* Defendants have violated multiple provisions of California law and provisions of the Wage Orders, which has the same force and effect of a violation of law. This includes, without limitation, Labor Code §§ 201-203, 204, 218, 226, 226.7, 227.3, 510, 512, 558, 1194, 1194.2, and 1198, which serve as statutory predicates for which restitution and disgorgement are owed by Defendants.

111. Plaintiffs and members of the UCL Subclass are entitled to an injunction, restitution, and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

**CLASS-ACTION COMPLAINT**

112.    As a result of these unlawful acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiffs and the members of the Class that Plaintiffs seek to represent. Defendants should be enjoined from this activity and make restitution for these ill-gotten gains to restore to Plaintiffs and the members of the Class the wrongfully withheld wages, pursuant to Business & Professions Code § 17203, and specific performance of payment of penalties ordered under Business and Professions Code § 17202.

113.    Plaintiffs are informed and believe, and based thereon alleges, that Defendants are unjustly enriched through the acts described above and that they and the Class have and continue to suffer irreparable prejudice by Defendants' unfair practices. Further, by engaging in such activities, Defendants are illegally operating at an advantage to other law-abiding employers in the State of California and underpaying payroll and other applicable taxes that are collected by the State and local governmental entities in California.

114.    The illegal conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, it will continue to fail to pay all wages, overtime wages, premium wages for meal-and-rest violations, and paying appropriate taxes, insurance, and unemployment withholdings.

115.    Plaintiffs will request that the Court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to fully pay all appropriate hourly and overtime rates of pay, and all wages due at termination, and requiring Defendants to provide accurate wage statements.

## VI.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Class and Subclasses they seek to represent, pray for relief as follows:

1.    For an order certifying the First through Seventh causes of action and maintaining said claims as a class action pursuant to Cal. Civ. Proc. Code § 382 on behalf of the members of the Class and/or Subclasses who were either employed or who performed work here in the State of California within the Class Period and that notice of the pendency of

**CLASS-ACTION COMPLAINT**

this action be provided to members of the Class;

2.   Designation of Plaintiffs as the Class Representatives for the Class and/or Subclasses and Plaintiffs' attorneys as Class Counsel for the Class and/or Subclasses;

3.   A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

4.   Appropriate equitable relief to remedy Defendants' violations of California law including, but not necessarily limited to, an order enjoining Defendants from continuing their unlawful practices;

5.   For an award of unpaid wages and liquidated damages in an amount equal to the amount unlawfully unpaid pursuant to Labor Code §§ 1194 and 1194.2;

6.   All appropriate California statutory penalties;

7.   Unpaid overtime premium compensation as provided by California law for overtime hours worked;

8.   Compensation at the rate of one hour of regular pay for each instance in which a member of the Class had their rest breaks interrupted, truncated, missed or was provided a non-compliant rest break for every four hours worked or major fraction thereof;

9.   Compensation at the rate of one hour of regular pay for each instance in which a member of the Class had their meal periods interrupted, truncated, missed or was provided a non-compliant meal period;

10.   Labor Code § 203 penalties;

11.   Damages and penalties pursuant to Labor Code §§ 226(a) and 226.3;

12.   For an order that Defendants make restitution to Plaintiffs and the Class due to its unlawful business practices, including unlawfully-collected compensation pursuant to Business & Professions Code §§ 17203 and 17204;

13.   Pre-judgment and post-judgment interest, as provided by law;

14.   Such other equitable relief as the Court may deem just and proper; and

**CLASS-ACTION COMPLAINT**

15.     Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5, and other applicable California laws.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a state and/or federal constitutional right to a jury trial.

Dated: April 23, 2021                          BISNAR | CHASE LLP


By: _Jerusalem F. Beligan_____
    Brian D. Chase
    Jerusalem F. Beligan
    Ian M. Silvers
Attorneys for Plaintiffs and Putative Classes

**CLASS-ACTION COMPLAINT**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Brian D. Chase, Esq.                SBN  164109
Jerusalem F. Beligan, Esq.  (SBN 211258) Ian M. Silvers, Esq. (SBN 247416)
1301 Dove Street, Suite 120, Newport Beach, CA 92660

TELEPHONE NO.: 949-752-2999     FAX NO.: 949-752-2777

ATTORNEY FOR *(Name)*: Plaintiff Blaine Patriquin and Nicolle Perales

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS: 751 West Santa Ana Blvd.
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME: Blaine Patriquin, et al. v. IMCD US, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | 30-2021-01197131-CU-OE-CXC |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  Judge Peter Wilson |
| | | DEPT:  CX-102 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 6
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 23, 2021

Jerusalem F. Beligan
(TYPE OR PRINT NAME)

► *Jerusalem F. Beligan*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained in item 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition